WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel K. Barr,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-14-08060-PCT-GMS (ESW)<br><br>**ORDER** |

On December 22, 2015, the Court ruled on a number of pending motions. (Doc. 83). Petitioner has filed a Motion for Reconsideration (Doc. 84) requesting that the Court reconsider the portions of the Order that (i) denied Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" (Doc. 62) and (ii) granted Respondents' "Motion to Strike Proposed Interrogatories" (Doc. 58).[1] For the reasons discussed below, the Motion for Reconsideration (Doc. 84) is denied.

## **DISCUSSION**

Motions for reconsideration are disfavored and are not the appropriate mechanism by which parties make new arguments or ask the Court to rethink that through which it

---

[1] In his Motion (Doc. 84 at 5), Petitioner states that he did not receive Doc. 81, which is referenced in the Court's Order. (Doc. 83 at 12, 15). Doc. 81 contains Exhibits B-ZZ to Respondents' Answer (Doc. 34) that Respondents electronically filed in accordance with the Court's December 17, 2014 Order (Doc. 80). The certificate of service in Respondents' Answer (Doc. 34 at 215) indicates that on April 2, 2015, Respondents served the Answer on Petitioner by mail.

has already thought. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir.1988); *United States v. Rezzonico,* 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998); *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (motions for reconsideration should be granted only in rare circumstances). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multonomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); s*ee also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

### A. Order Denying Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" (Doc. 62)

Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" (Doc. 62) requested that the Court expand the record to include four documents attached to the Motion. In his Motion for Reconsideration (Doc. 84 at 3), Petitioner points out that the Court's Order (Doc. 83) explicitly discusses its reasons for denying the "Motion for [Further] Expansion" as to Attachment Nos. 1, 2, and 4, but does not discuss its reasons for denying the Motion as to Attachment No. 3.[2] The Court's Order (Doc. 83 at 16), however, denied Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" in its entirety. Therefore, Petitioner's request for a ruling on Attachment No. 3

---

[2] Petitioner seeks to expand the record to include the State's Exhibit #3 from Petitioner's preliminary hearing, which was not admitted into evidence at the time of the hearing. Exhibit #3 lists 315 "cookies" stored on Petitioner's computer from October 27, 2001 through January 8, 2003. ("A cookie is usually a small text file that can be put on [a] computer by a web site." (Doc. 81-3 at 40)). In support of his "Motion for [Further] Expansion of the Record" (Doc. 62), Petitioner states that (i) Petitioner's phone was not in service until July 25, 2002 as reflected in the phone bill located in Attachment No. 4 to the Motion (Doc. 62) and (ii) a history of accessed links can be created by opening emails "unsuspectedly." (Doc. 62 at 4; Doc. 62-6 at 2-7; Doc. 62-7 at 1-5). Petitioner fails to meet his burden of proof.

- 2 -

is denied as moot.  (Doc. 84 at 3).  To the extent Petitioner seeks a reconsideration of the Court's denial of Petitioner's Motion (Doc. 62) as to Attachment No. 3, the request is denied because Petitioner has not shown "manifest error" or presented "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" that would change the Court's ruling.  *See* LRCiv 7.2(g)(1).

Petitioner also asks the Court to reconsider its denial of Petitioner's request to expand the record to include Attachment No. 2 to Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" (Doc. 62).  Attachment No. 2 is a document purported to be one of the State's exhibits from Petitioner's preliminary hearing, which was not admitted into evidence at the preliminary hearing.  In his Motion for Reconsideration, Petitioner states that:

> The point I failed to make clear, then, is this: Of the entire list of URL web addresses which comprise "Attachment #2," <u>none of its web addresses match any of the web addresses of the charged images</u>.  This fact is tremendously significant in proving my innocence because if I, or <u>anyone</u>, had used the <u>seized computer</u> to visit the websites of the charged images, those websites of the charged images (Exhibit ZZZ, p. 247-263) would also appear in "Attachment #2 because "Attachment #2" is the State's Exhibit purporting to show <u>all</u> of the "suspicious" websites visited using the seized computer since 8/15/2000.

(Doc. 84 at 4) (emphasis in original).

However, the 121 charged images are not visited websites, but are image files created on Petitioner's computer.  (Doc. 41-1 at 201-276).  The descriptions of the 121 charged images detail the drive path specifications, which indicate the location of the file on Petitioner's computer.  (*Id*.; Doc. 34-2 at 36-62).  Some of the images underlying Counts 4-124 contain superimposed text.  For instance, superimposed on the image underlying Count 124 is the text "Masturbation Lolitas Series.  Real Little Lolitas Porno. Full-Length Video Clips.  Lesbian Lolitas, Girls-Lolitas Pictures, www.betterlolitas.com."  (Doc. 41-1 at 276).  Contrary to Petitioner's assertion in his Reply (Doc. 75-1 at 6-7), the description does not state that the image was downloaded

1 from www.betterlolitas.com.  Nor do the descriptions of any other image state that the
2 image was downloaded from a particular website.  Further, computer forensic analyst
3 Joann Kennedy did not testify that any image was downloaded from a particular website.
4 (Doc. 81-3 at 7-251; Doc. 41-1 at 168-276).  Ms. Kennedy only opined that there is a
5 correlation between the images created on Petitioner's computer and the internet history
6 on Petitioner's computer.  (Doc. 81-3 at 68).  Moreover, Ms. Kennedy explained that the
7 extracted list of visited websites may not be complete because some of the internet
8 history may have been overwritten or deleted.  (*Id*. at 49-50, 54).  Therefore, Petitioner's
9 argument above that Attachment No. 2 is significant in proving Petitioner's alleged
10 innocence is without merit.  Construing the argument liberally, however, it is possible
11 that Petitioner intended to reiterate the following argument made in his "Reply to
12 Respondent's Response to Petitioner's Third Motion to Expand the Record" (Doc. 75):

> I have not yet found a precise correspondence between any of the charged images (Exhibit ZZZ, p. 247-262) and the websites of "Attachment #2."  Instead, I find more and more evidence of fraud.
>  For example: Beginning with the very First Charged Images (*id*., p. 247, #1), the State alleges that those images were created at 11:08:50 PM, and were exited (Last Written) at 11:09:02 PM on December 23, 2002.
>  However, according to Joann Kennedy's URL list ("Attachment #2") no website was visited that night, by that computer until 11:10:35 PM.  In other words it was impossible to have downloaded those Charged Images when she said they were created.  Because, in order to do so, the images would have had to be downloaded before the website that purportedly contained them had been visited!

23 (Doc. 75-1 at 4).
24   Again, Ms. Kennedy did not testify that the images were downloaded from a
25 particular website.  (Doc. 81-3 at 7-251; Doc. 41-1 at 168-276).  Ms. Kennedy testified
26 that the extracted internet history may not be complete and that there is just a correlation
27 between the images created on Petitioner's computer and the internet history.  (Doc. 81-3
28 at 49-50, 54, 68).

Finally, Petitioner reiterates the argument made in his Reply (Doc. 75) that Attachment No. 2 "contains evidence" that Ms. Kennedy "inserted false date/time information" into the document "to make it appear that someone had used the seized computer on 12/29/02 to visit suspicious websites." (Doc. 84 at 5). Petitioner's Reply asserts that:

> Apparently, in [Joann Kennedy's] attempt to make it appear that other websites had also been visited that day, Joann Kennedy changed the computer's clock from 9:39 AM to the time of 12:02:00 AM ([Attachment #2, p.7 of 16] URL #235) and proceeded to click on sixteen additional websites (*id*. URL # 235-250).
>
> Please note that by doing so she caused URL 234, which has a time of 09:39:11 AM to appear to have been visited <u>before</u> URL 235, which has a time of 12:02:04 AM.
>
> 9:39:11 AM on 12/29/2002 (URL #234) should be shown to occur AFTER 12:02:04 AM on 12/29/2002. Instead Joann Kennedy has created an impossible situation in which URL's 235-250 have occurred . . . BEFORE URL #235. This is further proof that "Attachment #2" was fraudulently created by Joann Kennedy to assist the State in winning the wrongful conviction of a man who is actually innocent.

 (Doc. 75 at 23-24) (emphasis in original).

There is no foundational evidence of how Attachment No. 2 was prepared or how the data was sorted. The data in Attachment No. 2 is sorted by earliest date to latest date, then by earliest time to latest time. Attachment No. 2 does not show that Ms. Kennedy or anyone else falsified data and is irrelevant to Petitioner's attempt to overcome Respondent's affirmative defenses. The Court affirms its denial of Petitioner's "Motion for [Further] Expansion of the Record (Third Request)" (Doc. 62).

**B. Order Granting Respondents' "Motion to Strike Proposed Interrogatories" (Doc. 58)**

The Court's Order (Doc. 83) granted Respondents' "Motion to Strike Proposed Interrogatories" (Doc. 58). Petitioner takes issue with the Court's statement that "even if Petitioner's recollection of the precise events on December 29, 2002 is correct,

Petitioner has failed to show that no reasonable juror would find that 'on or about' December 29, 2002, Petitioner committed the crimes of child molestation and furnishing harmful items to minors." (Doc. 83 at 5). Petitioner argues that due in part to an alibi defense presented at his trial, "it was incumbent upon the State to prove that [the victim's] allegations of molestation and exposure to pornography did occur on 'Sunday, December 29, four days after Christmas.'" (Doc. 84 at 8) (emphasis in original). Petitioner's contention reiterates the claim made in Ground Thirteen of the First Amended Petition (Doc. 8 at 36-37; Doc. 8-9 at 19-22). Ground Thirteen alleges that the trial court erred in instructing the jury that any reasonable date near the date of December 29, 2002 was sufficient to find Petitioner guilty on Counts 1 and 2. (*Id.*). For the reasons discussed below, Petitioner's apparent attempt to intertwine the merits of Petitioner's Ground Thirteen[3] with Petitioner's request to propound the proposed interrogatories is not well taken.

In his Motion (Doc. 84 at 5-7), Petitioner clarifies that he is not seeking to propound the proposed interrogatories to support a freestanding actual innocence claim, but rather to support his *Schlup* claim.[4] Petitioner also clarifies that his proposed interrogatories are not designed to elicit a recantation of the trial testimony of the victim and the victim's mother. (Doc. 84 at 12). Instead, Petitioner states that the "truthful answers" to the proposed interrogatories "will simply provide evidence" from the victim and the victim's mother that Petitioner "cannot possibly be the person who molested [the victim] and forced her to watch pornography on that very specific date of 'Sunday, December 29, four days after Christmas.'" (*Id*. at 13). The jury, however, did

---

[3] Respondents argue that Ground Thirteen is procedurally defaulted. (Doc. 34 at 46). If the Court rejects Respondents' asserted procedural defense, it will direct Respondents to file a response regarding the merits of Petitioner's claim.

[4] As stated in the Court's Order (Doc. 83 at 3), a petitioner attempting to pass through the *Schlup* gateway must establish his or her factual innocence of the crime(s) for which he or she was convicted. *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003). It is not enough to establish legal insufficiency. *Id.*

not convict Petitioner on Count 2 and the lesser included offense of Count 1 for acts that were committed on the precise date of December 29, 2002. Instead, the jury convicted Petitioner on those counts for acts that occurred "on or about" December 29, 2002. It is thus possible that the jury may have accepted Petitioner's alibi defense that he could not have committed the acts on December 29, 2002, but instead found that Petitioner committed the acts on a date "reasonably near" December 29, 2002. *See State v. Davis*, 79 P.3d 64, 78 (Ariz. 2003) (rejecting defendant's argument that because the State was not required to prove the specific commission date for his sexual misconduct with a minor conviction, he was effectively prevented from presenting an alibi defense; and stating that "the jury either rejected Davis's alibi defense outright or concluded that, although he may have been at work on [January] 29th, he nevertheless had a sexual encounter with [the victim] 'on or about' January 29th"). Any new evidence indicating that it would have been impossible for Petitioner to commit the offenses on December 29, 2002 would not establish that Petitioner is factually innocent of Petitioner's convictions. Accordingly, the Court's affirms its Order granting Respondents' "Motion to Strike Proposed Interrogatories" (Doc. 58).

## CONCLUSION

For the reasons discussed above, Petitioner has failed to present newly discovered evidence. Petitioner has failed to demonstrate that the Court committed clear error, or that the Court's decision was manifestly unjust. There has been no intervening change in controlling law. Therefore,

**IT IS ORDERED** denying Petitioner's "Motion for Reconsideration" (Doc. 84). The Court's December 22, 2015 Order (Doc. 83) is affirmed.

Dated this 13th day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge