WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel K. Barr,<br><br>                Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>                Respondents. | No. CV-14-08060-PCT-GMS (ESW)<br><br>**ORDER** |

The Court has reviewed Petitioner's "Motion to Expand the Record (Eighth request)" (Doc. 112) and "Motion to Expand the Record to Include the Attached Affidavit (Ninth request)" (Doc. 114). For the reasons set forth herein, the Motions will be denied.

## **I. DISCUSSION**

### **A. "Motion to Expand the Record (Eighth request)" (Doc. 112)**

Petitioner has alleged throughout this proceeding that forensic computer analyst, Joann Kennedy ("Kennedy"), "installed" the images of child pornography found on the computer that Petitioner used.[1] To support this allegation, Petitioner emphasizes that "all 242 times associated with the 121 illegal images . . . are recorded at times that end in

---

[1] Petitioner's "Motion to Expand the Record (Eighth request)" (Doc. 112 at 3) references his "First Amended Petitioner's Motion Requesting Discovery" (Doc. 13), which contains a detailed account of Petitioner's reasons for asserting that Kennedy "installed" the images.

'even numbered seconds, only."[2] (Doc. 13 at 2). According to Petitioner, this indicates evidence tampering. Petitioner contends that "when [a computer's BIOS] battery runs down, or is removed—then the computer is restricted to mark time in even numbered seconds, only." (*Id*. at 5). Based on this contention, Petitioner asserts that Kennedy "removed the [computer's] BIOS battery in order to place the 121 illegal images on the computer's hard drive." (*Id*. at 7).

In his "Motion to Expand the Record (Eighth request)" (Doc. 112), Petitioner asserts that the computer is still in the possession of the Apache County Clerk of Court's office. Petitioner asks the Court to turn on the computer, explaining that "[t]he Court, itself, can see the proof of tampering by booting up the computer <u>without</u> its BIOS battery; and then, again, <u>with</u> a new BIOS battery installed." (*Id*. at 4). Petitioner concludes that if the computer is booted up without a battery, "the Court will see that the computer marks time, then utilizing 'even' numbered seconds, exclusively." (*Id*.). Petitioner further states that "[t]urning on and booting up the computer, is such a simple task that anyone at the Apache County Superior Court's clerk's office can do it on behalf of this Court, at this Court's request via a telephone call." (*Id*.). Petitioner's request to turn on the computer will be denied.

First, the Court does not conduct discovery on behalf of parties. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States*, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have); *see also United States v. Pinkey*, 548 F.2d 305 (10th Cir. 1977) (noting the court is not obligated to assist or guide the pro se litigant).

---

[2] The Encase Examination Report detailing the charged images provides a "file created" date and time and a "last written" date and time. (Doc. 35-2 at 139-55). Some files contain multiple charged images.

Second, courts do not allow habeas petitioners "to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d 1102, 1106 (9th Cir. 1996). Aside from his own assertions, Petitioner has not produced any evidence to support his contention that because the charged images were created and last written at times that end only in even-numbered seconds, the images must have been "installed" by Kennedy while the computer's "BIOS battery" was removed.[3] (Doc. 13 at 2, 5). Petitioner's speculative theory does not establish the necessary "good cause" to permit discovery. *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011) (habeas petitioner's "claim of a jail-wide policy of eliciting incriminating statements has many of the indicia of an improper 'fishing expedition,' and the desire to engage in such an expedition cannot supply 'good cause' sufficient to justify discovery"); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir .2001) ("Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'") (citation omitted), *cert. denied*, 537 U.S. 831 (2002). Moreover, any evidence of the effect of removing the "BIOS battery" from the seized computer would not establish that Kennedy "installed" the child pornography images.

In his Motion (Doc. 112 at 4), Petitioner alternatively states that even if the Court

---

[3] The Court takes judicial notice of the existence of a report from the National Institute of Standards and Technology ("NIST"), which contains an explanation of how a Personal Computer keeps time that differs from Petitioner's explanation. Michael Lombardi, *Computer Time Synchronization*, NAT'L INST. OF STANDARDS AND TECH., at 1, http://tf.nist.gov/service/pdf/computertime.pdf. (last visited December 20, 2016); *see United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and 'reports of administrative bodies'") (citation omitted); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) (courts can take judicial notice of "'[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies") (citation omitted).

The NIST report is not cited to establish how the seized computer keeps time. The report is cited to indicate the existence of another explanation of how computers keep time, thereby underscoring the Court's conclusion that Petitioner's assertions regarding how the seized computer keeps time are conjecture. *See Quan v. Gonzales*, 428 F.3d 883, 888 n. 5 (9th Cir. 2005) (citing results from internet searches on banking hours in China to underscore the conclusion that an Immigration Judge's finding that an asylum petitioner provided "implausible testimony that the banks were open on Sunday" could "only be based upon conjecture and speculation").

denies his request to boot up the computer, the Court should grant his "Motion to Expand the Record to include the seized computer in order to preserve its option to do so . . . ." Yet Petitioner has failed to show that the computer has exculpatory value.[4] *See Orbe v. True*, 201 F.Supp.2d 671, 677 (E.D. Va. 2002) (courts should decline to enter orders directing preservation of evidence where the requesting party fails to describe with reasonable particularity the evidence to be preserved, its materiality or exculpatory potential, and the identity of the custodian of such evidence). Further, Petitioner's request is moot in light of Arizona Rule of Criminal Procedure 28.1.

For the above reasons, Petitioner's Motion (Doc. 112) is denied.

B.  **"Motion to Expand the Record (Ninth request)" (Doc. 114)**

Petitioner seeks to expand the record to include the "Affidavit of Joel K. Barr" that is attached to his October 20, 2016 Motion (Doc. 114). In his affidavit, Petitioner avers that he was at a friend's birthday party on December 29, 2002 and could not have committed child molestation or accessed child pornography on that date. (*Id*. at 3-6). The statements in Petitioner's affidavit duplicate Petitioner's statements made in his "Ex Parté Motion for Appointment of Counsel" (Doc. 56) and his Reply (Doc. 107). Moreover, in his Reply, Petitioner explains that he presented an alibi for December 29, 2002 at trial and contends that the jury *accepted* that alibi. Petitioner states that the

> jury did not reject my claim of actual innocence of any crime allegedly committed **ON** December 29, 2002, or the testimony of my five alibi witnesses. Instead, the jury unreasonably determined the facts, in light of the evidence

---

[4] To the extent Petitioner is requesting that the Court order the state court to relinquish control and custody of the computer, there may be an issue as to the Court's authority to do so. "A long-standing common-law rule prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) (emphasis in original) (citing *Penn Gen. Cas. Co. v. Pa.*, 294 U.S. 189, 195 (1935) ("[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.")). "When federal authorities seek to gain control over a res already in the control of a state court, the proper procedure is to seek [a] turnover order from that court." *In re Seizure of Approximately 28 Grams of Marijuana*, 278 F.Supp.2d 1097, 1107 (N.D.Cal. 2003) (citation omitted). Because Petitioner has not shown that the computer has exculpatory value, the Court does not address this potential issue.

> presented at trial by Victoria Roderick, to **include** other ambiguous dates "about" December 29, 2002, for which I had not mentioned (or needed to mention) date-specific alibis.

(Doc. 107 at 86) (emphasis in original).  For the reasons explained in a forthcoming Report and Recommendation, Petitioner's asserted alibi does not establish factual innocence and does not support Petitioner's claim that his procedurally defaulted habeas claims should be excused based on the actual innocence exception.  Petitioner's Motion (Doc. 114) is denied.

## II.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Petitioner's "Motion to Expand the Record (Eighth request)" (Doc. 112).

**IT IS FURTHER ORDERED** denying Petitioner's "Motion to Expand the Record (Ninth request)" (Doc. 114).

Dated this 22nd day of December, 2016.

_____
Eileen S. Willett
United States Magistrate Judge